IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TAYR KILAAB AL GHASHIYAH (KHAN),
f/n/a JOHN CASTEEL,

                     Plaintiff,                              ORDER

            v.                                  07-C-308-C

MATTHEW FRANK, RICHARD SCHNEITER,
CHRISTINE BEERKIRCHER, JAILOR A. JONES,
GERALD KONDOZ, JAILOR SHARPE,
JAILOR TAYLOR, JAILOR HANFIELD, JAILOR PRIMMER,
JAILOR MICKELSON, JAILOR ESSER,
JAILOR SCULLION, JAILOR BEARCE,
JOHN McDONALD, JOHN POLINSKE,

                     Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This is a civil action in which plaintiff Tayr Kilaab Al Ghashiyah (Kahn) is proceeding on multiple claims of constitutional wrongdoing against fifteen defendants.  Specifically, plaintiff contends that

      1) defendants Gerald Kondoz, John Polinske and John McDonald failed to provide him with due process in conjunction with his transfer to the Wisconsin Secure Program Facility;

1

2) defendants Gerald Kondoz, Matthew Frank, Richard Schneiter and Christine Beerkircher prohibited him from using his religious name on his grievances, in violation of his right to free exercise of religion under the First Amendment and the Religious Land Use and Institutionalized Persons Act, his right of access to the courts, his right to petition the government for redress of grievances and his right to equal protection of the law;

3) defendant Taylor conducted a manual inspection of his anus and genitals without giving him a chance to comply with a visual inspection; defendants Sharpe and Primmer ordered this inspection; defendants Jones, Bearce, Esser and Scullion were present but failed to intervene; and defendants Frank and Schneiter caused the other defendants' conduct by failing to train them, in violation of the Fourth and Eighth Amendments;

4) defendants Esser and Scullion beat him during a strip search; defendants Sharpe, Primmer, Taylor, Bearce and Jones were present but failed to intervene; defendants Frank and Schneiter caused the other defendants' conduct by failing to train them, in violation of the Eighth Amendment;

5) defendants Taylor, Jones, Bearce, Esser, Scullion, Sharpe and Primmer subjected him to a strip search in front of other prisoners; defendants Frank and Schneiter caused the other defendants' conduct by failing to train them, in violation of the Fourth and Eighth Amendments; and

6) defendants Sharpe, Hanfield, Primmer and Mickelson placed him in a cold cell,

2

naked and without access to a bathroom or toilet for several hours, in violation of the Eighth Amendment.

Now before the court is a motion from plaintiff dated October 11, 2007, that I construe as a motion for emergency injunctive relief.  In his motion, plaintiff asserts that "the defendants and their agents" are preventing him from litigating this action because they have denied him a legal loan extension to obtain writing paper and postage and because they are denying him daily access to the prison law library.

The question whether plaintiff's right of access to the courts is being infringed by the failure of prison officials to advance plaintiff legal loans or admit him on a daily basis to the prison law library is not an issue that was raised in plaintiff's underlying complaint.  It is a new claim of constitutional wrongdoing that plaintiff is asserting against persons who may or may not be parties to this lawsuit.  In other words, it is a claim that is not properly raised in the context of this lawsuit.  There is one situation in which I may take up the matter of court access in the context of a pending lawsuit that did not include the claim in the underlying complaint.  If a prison official were actively and physically to block a plaintiff's ability to come to trial or defend against a motion filed by the defendants, I may ask defendants' counsel to look into the matter and report the circumstances to the court.  This authority to entertain an issue that was not formally raised in the complaint stems from  the court's inherent powers to exercise administrative control over the progress of the suits

3

submitted to it for adjudication.

Here, plaintiff is not alleging that he is being prevented from coming to trial or defending against a pending motion filed by the opposing party. His inability to come and go as he pleases to the prison law library does not prevent him from prosecuting this lawsuit. This court has discussed the law governing his claims at length in its screening orders dated July 12, 2007 and August 14, 2007.

Moreover, plaintiff's assertion that he is being denied legal loan privileges is not cause for finding that he is being prevented physically from pursuing this lawsuit at this time. Plaintiff complains that prison officials denied his request for a legal loan "extension" to "draft up motions, brief and postage for this action." However, he does not suggest that they intend to refuse to grant him *any* extension of his legal loan privileges so that he can prosecute this action.

Wisconsin Administrative Code § DOC 309.51(1) governs the disbursement and repayment of legal loans made to prisoners and provides that:

> Correspondence to courts, attorneys, parties in litigation, the inmate complaint review system under ch. DOC 310 or the parole board may not be denied due to lack of funds, except as limited in this subsection. Inmates without sufficient funds in their general account to pay for paper, photocopy work, or postage may receive a loan from the institution where they reside. No inmate may receive more than $200 annually under this subsection, except that any amount of the debt the inmate repays during the year may be advanced to the inmate again without counting against the $200 loan limit. The $200 loan limit may be exceeded with the superintendent's approval if the

4

inmate demonstrates an extraordinary need, such as a court order requiring submission of specified documents.

On its face, this code provision appears to be designed to balance a prisoner's right of access to the courts against unlimited access to taxpayer money to fund lawsuits. Plaintiff's case is in its earliest stages. Defendants have answered the complaint and a preliminary pretrial conference was held yesterday before Magistrate Judge Stephen Crocker. In his pretrial conference order, the magistrate judge set out the deadlines by which plaintiff is to name witnesses, conduct discovery and respond to or file dispositive motions. This order will suffice as an order "requiring submission of specified documents" that plaintiff may use to support future requests for legal loan extensions. Thus, he cannot succeed on an argument at this time that he is being prevented from litigating this case simply because he was denied a legal loan extension for the purpose he requested it.


ORDER

IT IS ORDERED that plaintiff Tayr Kilaab al Ghashiyah (Kahn's) motion for

emergency injunction relief is DENIED.

Entered this 18th day of October, 2007.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

6