IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TAYR KILAAB AL GHASHIYAH (KHAN),
f/n/a JOHN CASTEEL,

               Plaintiff,                    ORDER

    v.                                         07-C-308-C

MATTHEW FRANK, RICHARD SCHNEITER,
CHRISTINE BEERKIRCHER, JAILOR A. JONES,
GERALD KONDOZ, JAILOR SHARPE,
JAILOR TAYLOR, JAILOR HANFIELD, JAILOR PRIMMER,
JAILOR MICKELSON, JAILOR ESSER,
JAILOR SCULLION, JAILOR BEARCE,
JOHN McDONALD, JOHN POLINSKE,

               Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff has filed a motion for a preliminary injunction in which he asks the court to prohibit the defendants from

      1) enforcing a "custom and practice of restricting incarcerated persons the free exercise of his or her religious beliefs and tenets";

      2) enforcing a "custom and practice of automatically denying incarcerated persons informal and formal grievances as a method to severely discourage incarcerated persons from

1

effectively and appropriately utilizing the judicial system or broader right to redress inmates' grievances";

3) enforcing a "custom and practice of placing or using false information within incarcerated persons' security classification reviews";

4) considering incarcerated persons for transfer to "super-max prison and/or Wisconsin Secure Prison" by using or adopting criteria contrary to due process requirements";

5) "utilizing a custom and practice of punishing and humiliating incarcerated persons with strip searches without justifications"; and

6) "utilizing a custom and practice of depriving incarcerated persons adequate shelter and hygiene items."

The motion will be denied for several reasons.

First, plaintiff has not been allowed to proceed in this action on any claim on behalf of other individuals. Therefore, he cannot obtain emergency injunctive relief of the sweeping sort he seeks in his motion. His request for relief must be tailored to address any ongoing injuries he alleges he is suffering personally.

Second, he cannot obtain emergency injunctive relief on matters that are not a part of this lawsuit. Although plaintiff has been allowed to proceed on several different claims, he is not proceeding in this action on claims that 1) he is being denied adequate shelter and

2

hygiene items; or 2) false information has been put in his file for use in connection with security classification reviews; or 3) illegal criteria were considered in transferring him to the Wisconsin Secure Program Facility; or 4) the grievance procedure he must use chills his right of access to the courts.

 Third, to the extent that plaintiff is seeking emergency injunctive relief that pertains to claims he raised in this lawsuit, he has not supported his motion with evidence to prove that he is likely to succeed on the merits of his claims and that he will suffer irreparable harm if the injunction does not issue, that the threatened injury to him outweighs the threatened harm an injunction may inflict on the defendants and that an injunction will not disserve the public interest.  <u>Pelfresne v. Village of Williams Bay</u>, 865 F.2d 877, 883 (7th Cir. 1989). In particular, plaintiff has put in no evidence to show that he is likely to succeed on his claims that defendants' refusal to allow him to use his religious name on grievances violates his First Amendment rights or his rights under RLUIPA, or that his transfer to the Wisconsin Secure Program Facility without a pre-transfer hearing violated his due process rights, or that defendants' failure on one occasion to give him a chance to comply with an order for a visual inspection of his anus and genitals before conducting a manual inspection violated his Fourth and Eighth Amendment rights .  Moreover, he has put in no evidence to suggest that he will suffer irreparable harm if an injunction relating to these matters is not issued immediately.

Finally, plaintiff has not followed this court's procedures for obtaining emergency injunctive relief. Those procedures are described in a document titled <u>Procedure To Be Followed On Motions For Injunctive Relief</u>, a copy of which is included with this order. Plaintiff should pay particular attention to those parts of the procedure that require him to submit proposed findings of fact in support of his motion and point to admissible evidence in the record to support each factual proposition.

Because plaintiff has neither followed this court's procedures for preliminary injunctive relief nor made the necessary showing of entitlement to such relief, his motion will be denied without prejudice.

## ORDER

IT IS ORDERED that plaintiff Tayr Kilaab al Ghashiyah (Kahn's) motion for a preliminary or permanent injunction is DENIED without prejudice.

Entered this 8th day of November, 2007.

> BY THE COURT:
> /s/
> BARBARA B. CRABB
> District Judge

4