IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TAYR KILAAB AL GHASHIYAH (KHAN),
f/n/a JOHN CASTEEL,

              Plaintiff,                        ORDER

            v.                            07-C-308-C

MATTHEW FRANK, RICHARD SCHNEITER,
CHRISTINE BEERKIRCHER, JAILOR A. JONES,
GERALD KONDOZ, JAILOR SHARPE,
JAILOR TAYLOR, JAILOR HANFIELD, JAILOR PRIMMER,
JAILOR MICKELSON, JAILOR ESSER,
JAILOR SCULLION, JAILOR BEARCE,
JOHN McDONALD, JOHN POLINSKE,

              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this case, plaintiff Tayr Kilaab Al Ghashiyah (Kahn) is proceeding on claims that

1) defendants Gerald Kondoz, John Polinske and John McDonald failed to give him notice of the reasons for his transfer to the Wisconsin Secure Program Facility, in violation of his due process rights;

2) defendants Gerald Kondoz, Matthew Frank, Richard Schneiter and Christine Beerkircher prohibited him from using his religious name on his grievances, in violation of

1

his right to free exercise of religion under the First Amendment and the Religious Land Use and Institutionalized Persons Act, his right of access to the courts, his right to petition the government for redress of grievances and his right to equal protection of the law;

3) on May 1, 2007, defendant Taylor conducted a manual inspection of his anus and genitals without giving him a chance to comply with a visual inspection; defendants Sharpe and Primmer ordered this inspection; defendants Jones, Bearce, Esser and Scullion were present but failed to intervene; and defendants Frank and Schneiter caused the other defendants' conduct by failing to train them, in violation of the Fourth and Eighth Amendments;

4) defendants Esser and Scullion beat him during the May 1, 2007 strip search; defendants Sharpe, Primmer, Taylor, Bearce and Jones were present but failed to intervene; defendants Frank and Schneiter caused the other defendants' conduct by failing to train them, in violation of the Eighth Amendment;

5) the May 1, 2007 strip search was conducted by defendants Taylor, Jones, Bearce, Esser, Scullion, Sharpe and Primmer in front of other prisoners; defendants Frank and Schneiter caused the other defendants' conduct by failing to train them, in violation of the Fourth and Eighth Amendments; and

6) immediately following the May 1, 2007 strip search, defendants Sharpe, Hanfield, Primmer and Mickelson placed plaintiff in a cold cell, naked and without access to a

2

bathroom or toilet for several hours, and defendant Schneiter authorized the conditions, in violation of the Eighth Amendment.

Defendants have answered the complaint and a preliminary pretrial conference was held on October 18, 2007, before Magistrate Judge Stephen Crocker.  At that time, the magistrate judge set a schedule for moving this case to resolution.  Recently, plaintiff filed a letter dated November 27, 2007, in which he asks the court to schedule a conference at which he can discuss discovery.  Now, however, I must stay the proceedings, because a recent ruling of the Court of Appeals for the Seventh Circuit requires me to sever plaintiff's claims into three separate lawsuits, and plaintiff will have to choose which of the three lawsuits he wishes to prosecute under the case number assigned to this action.

In <u>George v. Smith</u>, --- F.3d ---, No. 07-1325 (7th Cir. Nov. 9, 2007) (copy attached), the court of appeals ruled that a prisoner may not "dodge" the fee payment or three strikes provisions in the Prison Litigation Reform Act by filing unrelated claims against different defendants in one lawsuit.  Rather, district courts must sever unrelated claims against different defendants or sets of defendants and require that the claims be brought in separate lawsuits.  The court reminded district courts that Fed. R. Civ. P. 20 applies as much to prisoner cases as it does to any other case.

Fed. R. Civ. P. 20(a) governs the number of parties a plaintiff may join in any one action.  It provides that a plaintiff may sue more than one defendant when his injuries arise

3

out of "the same transaction, occurrence, or series of transactions or occurrences" and when there is "any question of law or fact common to all defendants."  Rules 18 and 20 operate independently.  7 Charles Alan Wright <u>et al.</u>, <u>Federal Practice & Procedure</u>, § 1655 (3d ed. 1972).  Thus, multiple defendants may not be joined in a single action unless the plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence or series of transactions or occurrences *and* presents questions of law or fact common to all.  <u>Id.</u>; 3A <u>Moore's Federal Practice</u> ¶ 20.06, at 2036-2045 (2d ed. 1978).  If the requirements for joinder of parties have been satisfied under Rule 20, only then may Rule 18 be used to allow the plaintiff to join as many other claims as the plaintiff has against the multiple defendants or any combination of them, even though the additional claims do not involve common questions of law or fact and arise from unrelated transactions.  <u>Intercon Research Assn., Ltd. v. Dresser Ind., Inc.</u>, 696 F.2d 53, 57 (7th Cir. 1983) (quoting 7 Charles Alan Wright <u>et al.</u>, <u>Federal Practice & Procedure</u>).

In applying Rule 20 to this case, I conclude that plaintiff's complaint must be divided into three separate lawsuits.  In what I will call Lawsuit #1, plaintiff may sue defendants Taylor, Sharpe, Primmer, Jones, Bearce, Esser, Scullion, Frank and Schneiter for participating or acquiescing in an allegedly unconstitutional strip search that included the use of excessive force and was performed in the presence of other prisoners.  The claims arise out of a single incident occurring on May 1, 2007 and present questions of law common to

4

all of the defendants.  In addition, I will allow plaintiff to include in this lawsuit his claim that on the same day (May 1, 2007), immediately following the allegedly unconstitutional strip search and use of excessive force, three of the defendants involved in the strip search incident, defendants Sharpe, Primmer and Schneiter, and two others, defendants Hanfield and Michaelson, placed plaintiff in a cell where the conditions were so deplorable that they violated plaintiff's Eighth Amendment rights.

However, plaintiff's other claims are entirely unrelated to the claims in Lawsuit #1. In what I will call Lawsuit #2, plaintiff may sue defendants Kondoz, Beerkircher, Frank and Schneiter for prohibiting him from using his religious name on his grievances.

In Lawsuit #3, plaintiff may sue defendants Kondoz, Polinske and McDonald for failing to give him notice of the reasons for his transfer to the Wisconsin Secure Program Facility.

In light of <u>George</u>, I may apply the initial partial payment plaintiff paid in this case, and the subsequent payments he has made to only one of the three lawsuits I have identified above.  Plaintiff will have to choose which lawsuit that is.  That lawsuit will be the only lawsuit assigned to this case number.

As for the other lawsuits, plaintiff has a more difficult choice.  He may choose to pursue each lawsuit separately.  However, for each additional lawsuit he wants to prosecute, he will be required to pay an additional filing fee, beginning with an initial partial payment

5

in the amount of $3.71 (the partial fee payment that was calculated from plaintiff's trust fund account statement at the time he filed this action) and the remainder of the filing fee in installments as required by 28 U.S.C. § 1915(b)(2).  Alternatively, he may choose to dismiss any or all of his remaining lawsuits voluntarily.  If he chooses this latter route, plaintiff will not owe additional filing fees.  Any lawsuit dismissed voluntarily would be dismissed without prejudice, so plaintiff would be able to bring it at another time.

I understand that it is not normally the case that a lawsuit may be withdrawn without prejudice when a case has progressed as far as this one has.  However, in light of the unanticipated and far-reaching effect of the George decision on existing prisoner litigation, I intend to permit prisoner litigants in cases pending in this court at the time the George opinion was issued to dismiss without prejudice the separate lawsuits within their original complaint that have been identified as requiring severance.

ORDER

IT IS ORDERED that

1.  Plaintiff may have until December 17, 2007, in which to advise the court and defendants on which one of the separately numbered lawsuits identified in the body of this opinion he wishes to proceed.  As to this one lawsuit, plaintiff's existing case number and fee obligation will be applied.

6

2.  Plaintiff may have until December 17, 2007, in which to advise the court which of the remaining separately numbered lawsuits he will prosecute, if any, and which he will withdraw voluntarily.

3.  For any lawsuit (other than the one plaintiff chooses to keep assigned to this case number) that plaintiff dismisses voluntarily, he will not owe a filing fee.

4.  For any lawsuit (other than the one plaintiff chooses to keep assigned to this case number) that plaintiff advises the court he intends to prosecute, plaintiff will owe a separate $350 filing fee, starting with an initial partial payment of $3.71, which he must pay by December 24, 2007.  The payment(s) may be submitted by a check or money order made payable to the clerk of court.  The remainder of the filing fee(s), will be collected in installments in accordance with 28 U.S.C. § 1915(b)(2).

5.  If, by December 17, plaintiff fails to respond to this order, I will enter an order dismissing the lawsuit as it presently exists with prejudice for plaintiff's failure to prosecute.

7

7.  All other proceedings in this action are STAYED pending plaintiff's response to this order.

Entered this 3d day of December, 2007.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge