IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TAYR KILAAB AL GHASHIYAH (KHAN),
f/n/a JOHN CASTEEL,

          Plaintiff,                                      ORDER

    v.                                              07-C-308-C

MATTHEW FRANK, RICHARD SCHNEITER,
CHRISTINE BEERKIRCHER, JAILOR A. JONES,
GERALD KONDOZ, JAILOR SHARPE,
JAILOR TAYLOR, JAILOR HANFIELD,
JAILOR PRIMMER, JAILOR MICKELSON,
JAILOR ESSER, JAILOR SCULLION,
JAILOR BEARCE, JOHN McDONALD and
JOHN POLINSKE,

          Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In an order dated December 3, 2007, and in response to <u>George v. Smith</u>, --- F.3d ---, No. 07-1325 (7th Cir. Nov. 9, 2007), I applied Fed. R. Civ. P. 20 to this case and concluded that plaintiff's complaint must be divided into three separate lawsuits. I advised plaintiff that in what I identified as Lawsuit #1, he could sue defendants Taylor, Sharpe, Primmer, Jones, Bearce, Esser, Scullion, Frank and Schneiter for participating or acquiescing in an allegedly unconstitutional strip search that included the use of excessive force and was

1

performed in the presence of other prisoners, because his claims relating to this lawsuit arise out of a single incident occurring on May 1, 2007 and present questions of law common to all of the defendants. In addition, I allowed plaintiff to include in Lawsuit #1 his claim that also on May 1, 2007, immediately following the allegedly unconstitutional strip search and use of excessive force, three of the defendants involved in the strip search incident, defendants Sharpe, Primmer and Schneiter, and two others, defendants Hanfield and Michaelson, placed plaintiff in a cell where the conditions were so deplorable that they violated plaintiff's Eighth Amendment rights. These claims are properly joined under Rule 20, because they arise out of "the same transaction, occurrence, or series of transactions or occurrences" and involve at least one question of fact common to all the defendants (that is, what precisely occurred on May 1, 2007).

However, I concluded that plaintiff's other claims are entirely unrelated to the claims in Lawsuit #1. In particular, I ruled that in a lawsuit I identified as Lawsuit #2, plaintiff could sue defendants Kondoz, Beerkircher, Frank and Schneiter for prohibiting him from using his religious name on his grievances and, in what I identified as Lawsuit #3 plaintiff could sue defendants Kondoz, Polinske and McDonald for failing to give him notice of the reasons for his transfer to the Wisconsin Secure Program Facility. I gave plaintiff until December 17, 2007, in which to advise the court whether he wishes to proceed with one, two or all three of these actions.

Now plaintiff has filed a letter dated "11/5/07 (solar)," in which he asks for reconsideration of the December 3 order. Plaintiff states that if his motion for reconsideration is denied, then he wishes to proceed in each of the three actions separately.

As an initial matter, it is not clear that plaintiff served his motion for reconsideration on defendants' counsel, as he is required to do. The motion is not accompanied by a certificate of service and there is no statement in the motion that a copy was sent to defense counsel. Therefore, I could deny the motion on that ground alone.

Even if plaintiff has served his motion on opposing counsel, however, I must deny it. As I told plaintiff in the December 3 order, Rule 20 and Fed. R. Civ. P. 18 operate independently. Only if Rule 20 is satisfied may Rule 18 be used to allow the plaintiff to join as many other claims the plaintiff has against the multiple defendants or any combination of them, even though the additional claims do not involve common questions of law or fact and arise from unrelated transactions. If I understand plaintiff's argument, he is suggesting that because defendants Frank and Litscher are named in both Lawsuits #1 and #2, Lawsuit #2 should be joined with Lawsuit #1, and that because defendant Kondoz is named in both Lawsuits #2 and #3, those two lawsuits should be heard together, and what's more, if Lawsuit #1 is linked to #2, and Lawsuit #2 is linked to Lawsuit #3, then all three lawsuits are properly tied to each other. Plaintiff is wrong.

Plaintiff's Lawsuit #2 includes defendants who are not a part of Lawsuits ##1 and

3, and Lawsuit #3 includes defendants who are not a part of Lawsuits ##1 and 2. Thus, if all three suits were joined together, plaintiff would be suing in one lawsuit defendants who are not parties to at least one transaction or series of transactions common to all of the defendants and he would be raising claims that do not involve a question of law or fact common to all of the defendants. This violates Rule 20.

Rule 18 comes into play only after Rule 20 has been satisfied. So, for example, if plaintiff had sued only defendants Frank and Schneiter in Lawsuit #2, plaintiff would be permitted under Rule 18 to add his claim in Lawsuit #2 to his claim in Lawsuit #1, where defendants Frank and Schneiter are already listed as defendants. Likewise, had plaintiff named defendant Kondoz as the only defendant in Lawsuit #3, he would be permitted under Rule 18 to raise the claim identified in Lawsuit #3 in the context of Lawsuit #2, where Kondoz is a named defendant. But the rules do not allow plaintiff to raise a claim against a host of defendants in one lawsuit and then add an infinite number of unrelated claims against new and different defendants so long as he is sure to identify at least one of the defendants named in the first claim as a defendant in each unrelated claim. Accordingly, plaintiff's motion for reconsideration will be denied.

In the December 3, 2007 order, I told plaintiff that if he chose to pursue all three of his severed lawsuits, he would be required to pay two more filing fees, beginning with initial partial payments in the amount of $3.71 in each severed case. When I told plaintiff he

4

could utilize the installment payment mechanism available to indigent litigants in 28 U.S.C. § 1915 to pay the filing fees for his additional lawsuit, I did not consider first whether plaintiff is eligible for pauper status or whether, in light of another holding in George, he has struck out under § 1915(g).

In George, the court of appeals ruled that if a prisoner brings a lawsuit raising multiple claims and any one or more of those claims is dismissed (presumably at the time of screening) because it is frivolous, malicious or fails to state a claim upon which relief may be granted, a strike under 28 U.S.C. § 1915(g) is to be recorded against the plaintiff. Unfortunately for plaintiff, the federal court's PACER system reveals that in a case he filed in 2004 with a group of other prisoners, he earned a strike in the district court and a second strike on appeal in the court of appeals for raising a number of legally meritless claims. Tayr Kilaab Al Ghashiyah v. Litscher, 03-C-839 (E.D. Wis. Jan. 16, 2004), aff'd, (7th Cir. No. 06-3677, July 26, 2007). In addition, he earned two strikes in the same way in Casteel v. Kolb, 89-C-209-S (W.D. Wis. Mar. 31, 1989), aff'd (7th Cir. No. 89-1567, Oct. 5, 1990). He appears to have earned a strike also in Ghashiyah v. Wis. Dept. of Corrections, 01-cv-10-la (E.D. Wis. July 30, 2001).

The question is what effect the determination that plaintiff has struck out under the ruling in George has on his ability to continue to utilize a partial payment mechanism to proceed with his severed lawsuits. I conclude that because I allowed plaintiff to proceed in

5

forma pauperis with one lawsuit before the court of appeals announced its interpretation of the proper application of § 1915(g), it is fair to allow plaintiff to prosecute one of his lawsuits to completion as a pauper. However, in the December 3 order, I offered plaintiff an opportunity to select one of his three lawsuits as the lawsuit he wishes to prosecute in this case and to dismiss the remaining lawsuits without prejudice and without incurring additional financial obligations. I told plaintiff that if he chose to proceed with more than one lawsuit, he would be responsible for paying additional filing fees.

Because I erred in telling plaintiff that he could choose to proceed with all three lawsuits using the installment payment provisions of § 1915, plaintiff should have another opportunity to select one lawsuit to prosecute in this action under the grant of pauper status, and to dismiss the remaining two lawsuits without prejudice to his refiling them at some later time. If plaintiff advises the court that he intends to prosecute more than one of the three lawsuits identified above, he will have to prepay the fees for the additional suits in full.

ORDER

IT IS ORDERED that

1. Plaintiff's motion for reconsideration of this court's decision of December 3, 2007, is DENIED.

2. Plaintiff may have until December 27, 2007, in which to identify for the court and

6

defendants the separately numbered lawsuit identified in the body of this opinion on which he wishes to proceed under the number assigned to this case. As to this one lawsuit, plaintiff's installment fee obligation will be applied.

3. Plaintiff may have until December 27, 2007, in which to advise the court which of the remaining separately numbered lawsuits he will prosecute, if any, and which he will withdraw voluntarily.

4. For any lawsuit that plaintiff dismisses voluntarily (other than the one plaintiff chooses to keep assigned to this case number), he will not owe a filing fee.

5. For any lawsuit that plaintiff advises the court he intends to prosecute, (other than the one plaintiff chooses to keep assigned to this case number) plaintiff will owe a separate $350 filing fee, which he must pay in full no later than January 4, 2008. The payment(s) may be submitted by a check or money order made payable to the clerk of court.

6. If, by December 27, plaintiff fails to respond to this order, I will enter an order dismissing the lawsuit as it presently exists with prejudice for plaintiff's failure to prosecute.

7. The STAY previously imposed in this case remains in effect pending plaintiff's response to this order.

Entered this 18th day of December, 2007.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge