IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TAYR KILAAB AL GHASHIYAH (KHAN),
f/n/a JOHN CASTEEL,

           Plaintiff,                                ORDER

   v.                                           07-cv-308-bbc

MATTHEW FRANK, RICHARD SCHNEITER,
JAILOR A. JONES, JAILOR SHARPE,
JAILOR TAYLOR, JAILOR HANFIELD,
JAILOR PRIMMER, JAILOR MICKELSON,
JAILOR ESSER and JAILOR SCULLION,

           Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In this case, plaintiff is proceeding on claims that defendants Taylor, Sharpe, Primmer, Jones, Esser, Scullion, Frank and Schneiter subjected him to an unconstitutional strip search that included the use of excessive force and was performed in the presence of other prisoners. In addition, he is suing defendants Sharpe, Primmer, Schneiter, Hanfield and Michaelson for putting him in a cell immediately following the strip search incident where the conditions were so deplorable they violated plaintiff's Eighth Amendment rights. Dispositive motions are due to be filed no later than March 17, 2008.

1

Now plaintiff has filed a "Motion of Objection" (Dkt. #57), that I construe as a request for an order requiring prison officials to grant him daily access to the law library. Also before the court is defendants' "Motion to Dismiss Pursuant to Rule 37(C)(1) Fed. R. Civ. P" (Dkt. #60), in which defendants seek dismissal of plaintiff's "medical claims" for his failure to sign a release authorizing disclosure of his medical records. I will address each motion in turn.

Plaintiff's motion will be denied. As I told plaintiff in this court's order of October 18, 2007, the question whether his right of access to the courts is being infringed by the failure of prison officials to admit him on a daily basis to the prison law library is not an issue that was raised in plaintiff's underlying complaint. It is a new claim of alleged constitutional wrongdoing that plaintiff is asserting against persons who may or may not be parties to this lawsuit. Plaintiff's lack of daily access to a law library does not prevent him from defending against any motion filed by the defendants. Therefore, I will not enter an order requiring prison officials to afford plaintiff daily access to the law library.

I turn then to defendants' motion to dismiss. As noted above, defendants ask that plaintiff's "medical claims" be dismissed from this lawsuit because plaintiff refuses to return a signed authorization for defendants to inspect his medical records. Defendants support their motion with the affidavit of Assistant Attorney General Ma Manee Moua, who avers that on two separate occasions, defendants have asked plaintiff to sign an authorization for

2

disclosure of his medical information and that twice plaintiff has refused to return the authorization signed. Specifically, Moua avers that a paralegal working with the Wisconsin Department of Justice, Chris Freeland, sent the first request to plaintiff on September 18, 2007, and that she herself sent the second request to plaintiff on January 31, 2008. According to Muoa, the only response plaintiff made to these requests was on February 3, 2008, in the following letter addressed to her:

> This letter will acknowledge your correspondences dated 1/31/08 (solar) related to medical records and your alleged threats to us.
> Firstly, the court's records show no notice of appearance by Ma Manee Moua as representing any defendants in this case, so how your office felts you can file documents and threats towards us.
> Secondly, it is indicated that your paralegal send us forms to disclosure our medical records on September 18, 2007 (solar) there appear to be two (2) problems here, first your paralegal is practicing law without a license, and Attorney Hoel objected to our discovery during this period because there was a "stay in proceedings." So does not apply to your office too.
> Thirdly, there nowhere within the records of Attorney Hoel ever filing a proper motion for production of documents that includes naming our medical records as part of his discovery. [sic]

Under the Federal Rules of Evidence, parties are permitted to obtain discovery "regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action[.]" Fed. R. Civ. P. 26(b)(1). Relevance is construed broadly, Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 n. 12 (1978), to encompass "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Hickman v. Taylor, 329 U.S. 495, 501 (1947). Discovery is not limited to

3

the issues raised by the pleadings or the merits of a case.  <u>Sanders</u>, 437 U.S. at 351.

In this case, plaintiff has alleged that defendants Esser and Scullion beat him during a strip search, while defendants Sharpe, Primmer, Taylor and Jones watched and that but for the failure of defendants Frank and Schneiter to train, the incident would not have happened.  Thus, the presence or absence of evidence in plaintiff's medical records of an injury resulting from the alleged beating is "relevant to the subject matter involved in the pending action" under Fed. R. Civ. P. 26(b)(1).

Plaintiff's objections to responding to a request from a paralegal from the Justice Department because she is not licensed to practice law or to Moua's request on the ground that Moua had not yet entered an appearance in the case are misplaced.  It is true that Ms. Moua did not enter a notice of appearance until February 5, 2008, five days after she sent plaintiff the second request for a release of his medical records.  However, there is no requirement that such a request be mailed to a litigant by the lawyer of record in a case or a lawyer period.  Mailing an authorization form and writing a letter to ask for return of it does not constitute the practice of law.  It is a ministerial administrative task that may be performed by any individual in a law office or the Wisconsin Department of Justice.  The fact that the forms were not sent to plaintiff by an attorney of record in this case does not supply plaintiff with a legitimate ground for refusing to sign and return the form.

Plaintiff also appears to suggest that defendants were out of bounds for asking him

4

to sign and return the form while a stay was in place. This is confusing. Defendants made their requests on September 18, 2007 and again on January 31, 2008. This case was under a stay from December 3, 2007, when I discovered that plaintiff's complaint violated Fed. R. Civ. P. 20, and December 31, 2007, when the matter was resolved.

Finally, plaintiff appears to believe that defendants were required to serve him with a formal request for production of documents under Fed. R. Civ. P. 34 before asking him to sign a release for the medical records. Again, his footing is not solid. A request for production of documents applies in the situation where the documents sought are in the party's "possession, custody, or control." Fed. R. Civ. P. 34(a)(1). The records defendants seek to inspect are records in the possession, custody and control of the Department of Corrections. Plaintiff may have an interest under federal or state law in protecting the confidentiality of his medical records, but he must balance that interest against his interest in prosecuting his lawsuit. If he withholds his medical records, the likely result is that the court will dismiss his claim of a beating, given the relevance of his medical records to the fact of the beating as well as to any injuries he suffered.

In sum, plaintiff's medical records are relevant to the subject matter involved in this action and are discoverable. If plaintiff wants to refuse to sign the release defendants have asked him to sign, he is free to do so. However, that decision will have consequences. It is probable that plaintiff will not be allowed to prosecute his claim against defendants Esser,

5

Scullion, Sharpe, Primmer, Taylor, Jones, Frank and Schneiter relating to an alleged beating he suffered during a strip search.

Because it may not have been clear to plaintiff what effect his failure to disclose his medical information would have on his lawsuit, I will allow him one last opportunity to release his medical information to defendants. This means I will also have to move the current deadline for filing dispositive motions. Defendants are entitled to review plaintiff's medical records before deciding whether to move for summary judgment on his excessive force claim.

ORDER

IT IS ORDERED that

1. Plaintiff's "Motion of Objection" (Dkt. #57), construed as a request for an order requiring prison officials to grant him daily access to the law library, is DENIED.

2. Defendants' "Motion to Dismiss Pursuant to Rule 37(C)(1) Fed. R. Civ. P" (Dkt. #60), is DENIED.

3. Plaintiff may have until March 17, 2008, in which to sign and return to defendants' counsel, Ma Manee Moua, a release authorizing disclosure of his medical records. If, by March 17, 2008, plaintiff fails to execute and return the release, I will dismiss his claim of excessive force from this lawsuit.

4. The deadline for filing dispositive motions is extended to March 31, 2008.

Entered this 10th day of March, 2008.

                BY THE COURT:

                /s/

                _____
                BARBARA B. CRABB
                District Judge