IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TAYR KILAAB AL GHASHIYAH (KHAN),
f/k/a JOHN CASTEEL,

            Plaintiff,

   v.

MATTHEW FRANK, *et al.*

            Defendants.

ORDER

07-C-308-C

---

This is a prisoner civil rights lawsuit in which the court has granted plaintiff leave to proceed on claims that on May 1, 2007 defendants subjected plaintiff to an unconstitutional strip search (that allegedly included a beating), then detained him under conditions that violated his Eighth Amendment rights. *See* August 1, 2007 Order, dkt. 7 at 3-7. This case is rife with discovery disputes; to this point, most of them have been decided against plaintiff. Currently before the court for consideration are plaintiff's Motion for Subpoena (dkt. 69), "Motion of Objections to Summary Judgment . . ." (Dkt. 72) and a two-page letter protesting institutional interference with plaintff's attempts to obtain photocopies of his own medical records (dkt. 73). For reasons stated below, I am denying relief on the first two claims and granting relief on the third.

Plaintiff's motion for a subpoena seeks a videotape of a March 6, 2008 cell extraction performed on him at his institution. Although plaintiff asserts that this is relevant to his case, he does not explain why. This is a different cell extraction than that at issue in this lawsuit. It occurred ten months later and there is no indication it involved the same personnel or the same or similar conduct as the challenged extraction. Because cell extractions are choreographed group efforts by trained officers against allegedly resistant prisoners, this court will not lightly order the

institution to divulge the equivalent of "game film" for the opposition to study in anticipation of the next go. Plaintiff has failed to establish any possible relevance of this recording to the instant lawsuit. Therefore, his motion for a subpoena shall be denied.

Next plaintiff objects to the use of the summary judgment process in his lawsuit, asserting that defendants are interfering with his discovery and perjuring themselves in their court submissions, thereby calling into question the appropriateness of summary judgment in this case. Plaintiff closes by asserting generally his constitutional right to a jury trial. This court has yet to find that defendants have violated their discovery obligations in this case; contrariwise, the court recently threatened to dismiss plaintiff's Fourth Amendment beating claim if he did not promptly sign a long-overdue medical record release form (which plaintiff now alleges to have signed and mailed, *see* dkts. 74-75).

Plaintiff's allegations of perjury are serious and the court would hope that he has not made them lightly, but plaintiff has not supported them in his instant submission. If plaintiff wishes this court to give any weight to such allegations, he must back them up with specifics in response to any defense summary judgment motion in this case. Right now, there is nothing for the court to do.

Finally, pursuant to F.R. Civ. Pro. 56, the court will not deny plaintiff his requested jury trial unless there is no point in holding one. If defendants persuade the court that there are no issues of material fact and the law applicable to these facts is clearly in their favor, then the court will grant a motion for summary judgment. If defendants cannot make these showings, then there will be a trial. To the extent that plaintiff's "Motion of Objections" requires court action at this time, the motion is denied without prejudice. Plaintiff is reminded that if defendants move for summary judgment, plaintiff's response must comply with the court's written procedure governing summary judgment motions, a copy of which was attached to the court's pretrial conference order.

In his third submission, plaintiff complains that institutional employees intentionally are obstructing his attempts to obtain photocopies of his own medical records. Institutional responses to his various requests include a recommendation that plaintiff contact the court to request an order to photocopy. To expedite this process, I will do so, but given the amount of paper already generated in this case, I am puzzled that the institution lacks sufficient documentation to grant plaintiff's request without further court order. If the institution is taking the position that every one of plaintiff's pre-paid requests to photocopy documents in this lawsuit is going to require a new court order, then I suggest that the Attorney General's Office clear up this misconception forthwith.

## ORDER

It is ORDERED that:

(1) Plaintiff's motion for a subpoena (dkt. 69) is DENIED;

(2) Plaintiff's Motion of Objection to Summary Judgment (dkt. 72) is DENIED WITHOUT PREJUDICE; and

(3) Plaintiff's request for a court order allowing him to photocopy his own medical records at his own expense (dkt. 73) is GRANTED.

Entered this 24th day of March, 2008.

BY THE COURT:

/s/

_____
STEPHEN L. CROCKER
Magistrate Judge